ELECTRONICALLY FILED - 2020 Nov 23 4:31 PM - AIKEN - COMMON PLEAS - CASE#2020CP0202286

| | |
|---|---|
| STATE OF SOUTH CAROLINA | IN THE COURT OF COMMON PLEAS |
| COUNTY OF AIKEN | SECOND JUDICIAL CIRCUIT |
| Linda Bikas Smith,<br>                                  Plaintiff,<br>vs.<br>Hunter Warfield, Inc., AH4R Management - SC, LLC, RentGrow, Inc. and Experian Information Solutions, Inc.,<br>                                  Defendants. | Case No.<br><br>**SUMMONS** |

TO:     THE DEFENDANTS ABOVE NAMED:

YOU ARE HEREBY SUMMONED and required to answer the Complaint in this action, a copy of which is hereby served upon you and to serve a copy of your Answer to the said Complaint on the subscriber, David A. Maxfield, Esquire, at his office at P.O. Box 11865, Columbia, South Carolina 29211, within thirty (30) days after service hereof, exclusive of the date of such service; and if you fail to answer the Complaint within the time aforesaid, the Plaintiff in this action will apply to the court for the relief demanded in the Complaint. If you fail to appear and defend, judgment by default will be rendered against you for the relief demanded in the Complaint.

DAVE MAXFIELD, ATTORNEY, LLC

s/David A. Maxfield
_____
Dave Maxfield, Esq., SC Bar No. 7163
P.O. Box 11865
Columbia, SC 29211
(803) 509-6800
(855) 299-1656 (fax)
dave@consumerlawsc.com

DATED: November 23, 2020
Columbia, South Carolina

ELECTRONICALLY FILED - 2020 Nov 23 4:31 PM - AIKEN - COMMON PLEAS - CASE#2020CP0202286

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br><br>COUNTY OF AIKEN<br><br>Linda Bikas Smith,<br><br>         Plaintiff<br><br>vs.<br><br>Hunter Warfield, Inc., AH4R Management - SC, LLC, RentGrow, Inc., and Experian Information Solutions, Inc.,<br><br>         Defendants | IN THE COURT OF COMMON PLEAS<br><br>SECOND JUDICIAL CIRCUIT<br><br>Case No.<br><br>**COMPLAINT**<br><br>(Jury Trial Requested) |

Plaintiff, complaining of the Defendants above-named, would show this Court:

## JURISDICTION

1. The State of Residence of Plaintiff is the State of South Carolina.

2. Upon information and belief, the State which Defendants reside in are States other than South Carolina.

3. The Defendant Hunter Warfield, Inc. is a foreign corporation with its principal place of business, "nerve center" and headquarters in the State of Florida.

4. The Defendant AH4R Management - SC, LLC is a corporation with its principal place of business, "nerve center" and headquarters in the State of South Carolina.

5. The Defendant RentGrow, Inc., is a foreign corporation with its principal place of business, "nerve center" and headquarters in the State of Massachusetts.

6. The Defendant Experian Information Solutions, Inc. is a foreign corporation with its principal place of business, "nerve center" and headquarters in the State of Texas.

ELECTRONICALLY FILED - 2020 Nov 23 4:31 PM - AIKEN - COMMON PLEAS - CASE#2020CP0202286

7. This Court has jurisdiction over the parties and subject matter of this action, and venue is proper based upon the non-residence of the Defendant(s) herein.

## FACTUAL ALLEGATIONS

8. Plaintiff is a 68-year-old wife and mother who lives in Aiken, South Carolina. She has been a homeowner for decades.

9. Defendant AH4R Management – SC, LLC ("AH4R") does business in South Carolina as "American Homes 4 Rent," acting as landlord and/or property manager for residential leased premises throughout South Carolina.

10. Defendant Hunter Warfield, Inc., ("Hunter Warfield") collects debts alleged to be owed landlords on leased premises.

11. Defendant RentGrow, Inc., ("RentGrow") is a specialty credit reporting agency that creates, maintains, assembles and/or sells tenant screening reports to landlords and property managers regarding prospective renters.

12. Defendant Experian Credit Information Solutions, Inc., ("Experian") is a credit reporting agency that creates, maintains, assembles and/or sells consumer credit reports, and specialty credit reports.

13. On or about February 6, 2015, without Plaintiff's knowledge or consent, Plaintiff ex-daughter in law Courtney Smith entered into a residential lease agreement with AH4R to rent a property at 122 Bathurst Lane, Simpsonville, South Carolina, forging or caused to forged Plaintiff's electronic signature thereon.

14. Upon information and belief, Courtney Smith defaulted on the lease.

15. AH4R assigned the account for collection to Defendant Hunter Warfield.

16. In or around August of 2018, Hunter Warfield sent Plaintiff a demand for $8,840.32, threatening specifically to report the account against her credit if not paid.

17. Upon learning of the above debt, Plaintiff immediately disputed it as fraudulent to Hunter Warfield.

ELECTRONICALLY FILED - 2020 Nov 23 4:31 PM - AIKEN - COMMON PLEAS - CASE#2020CP0202286

18. From September of 2018 through August of 2019, Plaintiff disputed the account to Hunter Warfield and national credit reporting agencies multiple times, providing personal and identity information and FTC Fraud Affidavits.

19. For nearly one year, Hunter Warfield rejected or ignored Plaintiff's claim of fraud, continuing to report and/or assert that Plaintiff was liable on the deb.t

20. Finally, on August 14, 2019 Hunter Warfield and/or Defendant Experian – removed the false collection tradeline / lease default from her credit file (or represented that they had).

21. After more than one hundred hours spent attempting to remedy the effects of identity theft, having her credit harmed, writing numerous emails and letters, and making numerous calls, Plaintiff believed the ordeal was over.  This proved incorrect.

22. In or around November of 2019 Plaintiff was offered her "dream job" job working for the South Carolina Department of Mental Health's "Coastal Empire" clinic in Hilton Head Island, South Carolina, a beautiful location where Plaintiff had dreamt of living.

23. Plaintiff excitedly accepted the job and looked for a rental property for her husband (who is retired) and her to live while in Hilton Head. As a homeowner for decades, Plaintiff believed she would have no problem securing housing.

24. On or about November 25, 2019, Plaintiff paid a $70.00 application fee and applied to rent a home in Hilton Head.  The rental application revealed that (like the fraudulent property) the Hilton Head rental was managed by Defendant AH4R. whose property manager indicated that Plaintiff was approved and gave her move-in information.

25. On November 26, 2019 AH4R advised Plaintiff she was "accepted" and "good to go" with a move in date set for December 17, 2019.

26. As Plaintiff and her husband Mike were preparing to move, however, Plaintiff received an "Adverse Action" letter from AH4R stating that her rental application had been declined based on adverse rental history information provided by Defendant RentGrow, Inc.

27. Upon further inquiry, Plaintiff discovered that Defendant RentGrow, Inc., was reporting the prior fraudulent AH4R lease.

ELECTRONICALLY FILED - 2020 Nov 23 4:31 PM - AIKEN - COMMON PLEAS - CASE#2020CP0202286

28. Plaintiff then discovered that Defendant AH4R and/or RentGrow, Inc., had obtained and relied on an "Experian Rent Bureau" report that – despite Experian's removal of the fraudulent prior lease account just two months before – continued to contain false, negative information that Plaintiff had "defaulted" on the 2015 lease.

29. Once again, Plaintiff the laborious process of attempting to dispute the information with Defendants.  Unfortunately, knowing that the false information would likely prevent her from finding any rental housing in Hilton Head, Plaintiff was forced to decline her dream job (which paid over $26,000 per year) and her move to Hilton Head.

30. The outcome of losing the job (which would have additionally provided State of South Carolina Health Plan benefits) further severely harmed Plaintiff, whose only other source of income was such social security benefits as she and her husband could receive.

31. In late November and early December 2019, Plaintiff disputed the false negative information to RentGrow and Experian, both of whom ultimately removed it.

32. Defendant Hunter Warfield, however, refused to accept Plaintiff's fraud dispute, and continued to collect the debt from her it had been advised numerous times was the product of identity theft.

33. As before, besides its other collection attempts, Defendant Hunter Warfield continues specifically threaten that "If you do not pay the debt, we may report or continue to report to the credit reporting agencies for as long as the law permits this reporting."

34. Upon information and belief, Hunter Warfield intends to continue inflicting damage on Plaintiff's report until 2023.

35. As a direct and proximate result of Defendants' wrongful acts, Plaintiff has been damaged.

36. Plaintiff suffered the loss of her right to privacy, severe emotional distress, [Other Damages} and other concrete injuries in fact, due to the conduct of Defendants.

37. As a direct and proximate result of Defendants negligent, reckless, willful, intentional, and unlawful conduct, its violations of the Plaintiff's statutory rights under state and federal law Plaintiff has been damaged in an amount to be determined by the trier of fact.

38. The harms caused by Defendants is likely to be redressed by a favorable judicial decision, and through both injunctive relief, an award of damages, and assessment of fines and punitive damages.

## FOR A FIRST CAUSE OF ACTION
## AS TO ALL DEFENDANTS

**(Violation of SC Code §39-5-10 et. seq., Unfair Trade Practices Act)**

39. The allegations contained hereinabove are repeated as if fully alleged herein verbatim, to the extent not inconsistent with this cause of action.

40. The activities of the Defendants constitute "trade or commerce" as defined by South Carolina Code Section 39-5-10, et.seq., (as amended).

41. The actions of the Defendants above described, constitute unfair and deceptive acts and practices in the conduct of trade and commerce, as prohibited by the South Carolina Unfair Trade Practices Act, 39-5-10 et.seq., and are willful violations thereof.

42. The actions of the Defendants have a real and substantial potential for repetition and affect the public interest.

43. The Plaintiff has suffered an ascertainable loss due to the unlawful actions of the Defendants, entitling Plaintiff to recover actual damages in an amount to be proven at trial, treble said actual damages, and an award of attorney's fees and costs

## FOR A SECOND CAUSE OF ACTION AS TO
## DEFENDANTS HUNTER WARFIELD, RENTGROW, INC., AND EXPERIAN

**(Negligent & Willful Noncompliance with FCRA)**

44. Plaintiff realleges and incorporates the allegations contained elsewhere herein to the extent not inconsistent with the allegations of this Cause of Action.

45. Defendants Experian and RentGrow are credit reporting agencies and/or specialty credit reporting agencies.

46. Defendant Hunter Warfield is a furnisher and user of information.

ELECTRONICALLY FILED - 2020 Nov 23 4:31 PM - AIKEN - COMMON PLEAS - CASE#2020CP0202286

ELECTRONICALLY FILED - 2020 Nov 23 4:31 PM - AIKEN - COMMON PLEAS - CASE#2020CP0202286

47. Defendants Experian and RentGrow, in assembling, maintaining, and furnishing credit reports on Plaintiff, failed to follow reasonable procedures to assure maximum possible accuracy, in violation of 15 U.S.C. §1681e.

48. Defendant Experian additionally reinserted previously deleted information into Plaintiff's file, in violation of 15 U.S.C. §1681i.

49. Defendant Experian additionally failed to block false information following notice that the information was disputed based on theft of identity, in violation of 15 U.S.C. §1681c.

50. Defendant Hunter Warfield obtained credit reports on Plaintiff although it knew or should know that Plaintiff owed no valid debt, in violation of 15 U.S.C. §1681b.

51. Defendant Hunter Warfield further, after receiving information from multiple credit reporting agencies that the debt was disputed and the product of identity theft, failed to conduct a meaningful reinvestigation and rereported the false information as true and attributable to Plaintiff, violating §1681s-2(b).

52. Defendant Hunter Warfield further failed to include the fact of Plaintiff's dispute in its reporting.

53. Because of Defendants' failure to comply with the requirements of FCRA, Plaintiffs suffered and continues to suffer actual damages, including economic loss, denial of credit, lost opportunity to receive credit, damage to reputation, invasion of privacy, emotional distress and interference with Plaintiff' normal and usual activities for which Plaintiffs seeks damages in an amount to be determined by the jury.

54. Plaintiff would further show that Defendants willfully violated the requirements of FCRA, and Plaintiff is entitled to recover actual, statutory, and punitive damages.

55. Plaintiffs is entitled to attorney fees under 15 U.S.C. § 1681n(a) and/or 15 U.S.C. §1681o(a).

## FOR A THIRD CAUSE OF ACTION
## AS TO HUNTER WARFIELD
**(Violation of 15 USC §1692, et. seq., FDCPA)**

56. The allegations contained hereinabove are repeated as if fully alleged herein verbatim, to the extent not inconsistent herewith.

57. Plaintiff is a consumer.

58. Defendant Hunter Warfield is a debt collector.

59. Defendant Hunter Warfield's conduct involves an attempt to collect a "debt" the FDCPA defines it.

60. Defendant Hunter Warfield committed multiple violations of the Act, including but not limited to:

    a. falsely representing the character, status, or amount of a debt;

    b. threatening to take actions that cannot legally be taken, including continued credit reporting;

    c. communicating or threatening to communicate to any person credit information known or which should be known to be false, including failing to communicate that a debt is disputed.

    d. Attempting to collect amounts (including any interest, fee, charge, or expense incidental to the principal obligation) not authorized by any agreement with Plaintiff, nor permitted by law.

61. Plaintiff should be granted judgment against Defendant for actual damages and such penalties and attorney fees as authorized by statute, and such other relief as is just and proper.

## PRAYER FOR RELIEF

WHEREFORE, the prayer of the Plaintiff is for judgment in an amount sufficient to compensate Plaintiff for actual damages, with punitive damages, statutory damages, such interest as is allowable by law, costs, attorney's fees, and such other relief as is just and proper.

ELECTRONICALLY FILED - 2020 Nov 23 4:31 PM - AIKEN - COMMON PLEAS - CASE#2020CP0202286

ELECTRONICALLY FILED - 2020 Nov 23 4:31 PM - AIKEN - COMMON PLEAS - CASE#2020CP0202286

DAVE MAXFIELD, ATTORNEY, LLC

s/ David A. Maxfield
_____
Dave Maxfield, Esq., SC Bar No. 7163
P.O. Box 11865
Columbia, SC 29211
(803) 509-6800
(855) 299-1656 (fax)
dave@consumerlawsc.com

November 23, 2020

### **ELECTRONICALLY STORED INFORMATION REQUEST**

This notice demands that you preserve all documents, tangible things, and electronically stored information ("ESI") potentially relevant to any issues in the above entitled matter. This specifically includes, but is not limited to, all information pertaining to the above matter, including specifically any recordings of any telephone communication between your company and Plaintiff.

As used in this request, "you" and "your" or "your client" refers to your organizations, and its predecessors, successors in interest, assignees, parents, subsidiaries, divisions or affiliates, and their respective officers, directors, employees, servants, agents, attorneys, and accountants.

Much of the information subject to disclosure or responsive to discovery is stored on your client's current and former computer systems and other media and devices (such as: personal digital assistants, voice-messaging systems, online repositories, and cell phones).

Electronically stored information (hereinafter, "ESI") should be afforded the broadest possible definition and includes (by way of example and not as an exclusive list) potentially relevant information whether electronically, magnetically, or optically stored.

ELECTRONICALLY FILED - 2020 Nov 23 4:31 PM - AIKEN - COMMON PLEAS - CASE#2020CP0202286

This preservation obligation extends beyond ESI in yours or your client's care, possession or custody and includes ESI in the custody of others that is subject to your client's direction or control. You must notify any current or former agent, attorney, employee, custodian or contractor in possession of potentially relevant ESI to preserve such ESI to the full extent of your client's obligation to do so, and you must take reasonable steps to secure their compliance.

ELECTRONICALLY FILED - 2020 Dec 10 11:49 AM - AIKEN - COMMON PLEAS - CASE#2020CP0202286

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br><br>COUNTY OF AIKEN<br><br>Linda Bikas Smith,<br><br>        Plaintiff,<br><br>  vs.<br><br>Hunter Warfield, Inc., AH4R Management - SC, LLC, RentGrow, Inc., and Experian Information Solutions, Inc.,<br><br>        Defendants. | IN THE COURT OF COMMON PLEAS<br>SECOND JUDICIAL CIRCUIT<br><br>Case No.  2020-CP-02-02286<br><br>**PROOF OF SERVICE** |

I, the undersigned, an employee of Dave Maxfield, Attorney at Law, have served CT Corporation System as registered agent for **AH4R Management - SC, LLC**, by U.S Certified Mail, Restricted Delivery and Return Receipt Requested on the **4th day of December 2020**, with a **Summons & Complaint** in the above entitled action as shown by the attached receipt.

                                                      *s/Janel Streater*
                                                      Janel Streater

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

CT Corporation System
2 Office Park Ct Ste 103
Columbia, SC 29223

9590 9402 5924 0049 6388 48

2. Article Number (Transfer from service label)

7099 3400 0006 0454 1992

PS Form 3811, July 2015 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X Lisa Culler
☐ Agent
☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:   ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☑ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

ELECTRONICALLY FILED - 2020 Dec 01

ELECTRONICALLY FILED - 2020 Dec 10 11:49 AM - AIKEN - COMMON PLEAS - CASE#2020CP0202286

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br><br>COUNTY OF AIKEN<br><br>Linda Bikas Smith,<br><br>    Plaintiff,<br><br>    vs.<br><br>Hunter Warfield, Inc., AH4R Management - SC, LLC, RentGrow, Inc., and Experian Information Solutions, Inc.,<br><br>    Defendants. | IN THE COURT OF COMMON PLEAS<br>SECOND JUDICIAL CIRCUIT<br><br>Case No.  2020-CP-02-02286<br><br>**PROOF OF SERVICE** |

I, the undersigned, an employee of Dave Maxfield, Attorney at Law, have served CT Corporation System as registered agent for **Experian Information Solutions, Inc.**, by U.S Certified Mail, Restricted Delivery and Return Receipt Requested on the **4th day of December 2020**, with a **Summons & Complaint** in the above entitled action as shown by the attached receipt.

                                                                  *s/Janel Streater*
                                                                  Janel Streater



**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

CT Corporation System
2 Office Park Ct Ste. 103
Columbia, SC 29223

9590 9402 6090 0125 2231 41

2. Article Number (Transfer from service label)

7099 3400 0006 0454 1008

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X Lee Cutler                     ☐ Agent
                                 ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery
Lee Cutler

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below:       ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☑ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery
   (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☑ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053                    Domestic Return Receipt

ELECTRONICALLY FILED - 2020 Dec 31 3:13 PM - AIKEN - COMMON PLEAS - CASE#2020CP0202286

| | |
|---|---|
| STATE OF SOUTH CAROLINA ( | IN THE COURT OF COMMON PLEAS |
| COUNTY OF AIKEN ( | SECOND JUDICIAL CIRCUIT |
| ( | |
| Linda Bikas Smith ( | |
| vs.        Plaintiff, ( | Case No. 2020-CP-02-02286 |
| ( | PROOF OF SERVICE |
| Hunter Warfield, Inc.  AH4R ( | |
| Management SC LLC, RentGrow, Inc. ( | |
| and Experian Information Solutions, Inc. ( | |
| ( | |
| Defendants. ( | |

I the undersigned, an employee of Dave Maxfield, Attorney at Law, have served Stephen Sobota as registered agent for **Hunter Warfield, Inc.**, by U.S Certified Mail, Restricted Delivery and Return Receipt Requested on the **7th day of December 2020**, with a **Summons & Complaint** in the above-entitled action as shown by the attached tracking information.

*s/Janel Streater*
Janel Streater



ELECTRONICALLY FILED - 2020 Dec 31 3:13 PM - AIKEN - COMMON PLEAS - CASE#2020CP0202286