IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Linda Bikas Smith,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>Hunter Warfield, Inc., AH4R Management – SC, LLC, RentGrow, Inc., and Experian Information Solutions, Inc.<br><br>　　　　Defendants. | Case No. 1:21-cv-00011 |

**DEFENDANT HUNTER WARFIELD, INC.'S ANSWER**

COMES NOW, Defendant Hunter Warfield, Inc. ("HWI"), by and through its attorney, and for its Answer and Affirmative Defenses to the complaint ("Complaint") of Linda Bikas Smith ("Plaintiff"), denies each and every allegation in the Complaint, unless otherwise admitted or qualified in this Answer, and states and alleges as follow:

**RESPONSE TO JURISDICTION**

1. HWI lacks knowledge or information sufficient to form a belief about the truth of Paragraph 1; therefore, HWI denies the same.

2. HWI admits that it is incorporated in a state other than South Carolina. HWI lacks knowledge or information sufficient to form a belief about the truth of the remainder of Paragraph 2; therefore, HWI denies the same.

3. HWI admits Paragraph 3.

4. HWI lacks knowledge or information sufficient to form a belief about the truth of Paragraph 4; therefore, HWI denies the same.

5.      HWI lacks knowledge or information sufficient to form a belief about the truth of Paragraph 5; therefore, HWI denies the same.

6.      HWI lacks knowledge or information sufficient to form a belief about the truth of Paragraph 6; therefore, HWI denies the same.

7.      HWI lacks knowledge or information sufficient to form a belief about the truth of Paragraph 7; therefore, HWI denies the same.

## RESPONSE TO FACTUAL ALLEGATIONS

8.      HWI lacks knowledge or information sufficient to form a belief about the truth of Paragraph 8; therefore, HWI denies the same.

9.      HWI lacks knowledge or information sufficient to form a belief about the truth of Paragraph 9; therefore, HWI denies the same.

10.     HWI admits that at times it collects debts alleged to be owed to others. HWI lacks knowledge or information sufficient to form a belief about the truth of the remainder Paragraph 10; therefore, HWI denies the same.

11.     HWI lacks knowledge or information sufficient to form a belief about the truth of Paragraph 11; therefore, HWI denies the same.

12.     HWI lacks knowledge or information sufficient to form a belief about the truth of Paragraph 12; therefore, HWI denies the same.

13.     HWI lacks knowledge or information sufficient to form a belief about the truth of Paragraph 13; therefore, HWI denies the same.

14.     HWI lacks knowledge or information sufficient to form a belief about the truth of Paragraph 14; therefore, HWI denies the same.

15.     HWI admits that it was assigned an account. HWI denies any and all remaining

allegations in Paragraph 15.

16. HWI admits that it sent a letter on the relevant account in the fall of 2018. HWI denies that it threatened any action. HWI denies any and all remaining allegations in Paragraph 16.

17. HWI lacks knowledge or information sufficient to form a belief about the truth of Paragraph 17; therefore, HWI denies the same.

18. HWI denies Paragraph 18.

19. HWI denies Paragraph 19.

20. HWI lacks knowledge or information sufficient to form a belief about the truth of Paragraph 20; therefore, HWI denies the same.

21. HWI lacks knowledge or information sufficient to form a belief about the truth of Paragraph 21; therefore, HWI denies the same.

22. HWI lacks knowledge or information sufficient to form a belief about the truth of Paragraph 22; therefore, HWI denies the same.

23. HWI lacks knowledge or information sufficient to form a belief about the truth of Paragraph 23; therefore, HWI denies the same.

24. HWI lacks knowledge or information sufficient to form a belief about the truth of Paragraph 24; therefore, HWI denies the same.

25. HWI lacks knowledge or information sufficient to form a belief about the truth of Paragraph 25; therefore, HWI denies the same.

26. HWI lacks knowledge or information sufficient to form a belief about the truth of Paragraph 26; therefore, HWI denies the same.

27. HWI lacks knowledge or information sufficient to form a belief about the truth of Paragraph 27; therefore, HWI denies the same.

28. HWI lacks knowledge or information sufficient to form a belief about the truth of Paragraph 28; therefore, HWI denies the same.

29. HWI lacks knowledge or information sufficient to form a belief about the truth of Paragraph 29; therefore, HWI denies the same.

30. HWI lacks knowledge or information sufficient to form a belief about the truth of Paragraph 30; therefore, HWI denies the same.

31. HWI lacks knowledge or information sufficient to form a belief about the truth of Paragraph 31; therefore, HWI denies the same.

32. HWI denies Paragraph 32.

33. HWI denies Paragraph 33. HWI specifically denies that it threatened any action.

34. HWI denies Paragraph 34 and denies the statement that HWI ever intended to inflict damage.

35. HWI denies Paragraph 35 as it pertains to HWI. HWI lacks knowledge or information sufficient to form a belief about the truth of the remainder of Paragraph 35; therefore, HWI denies the same.

36. HWI denies Paragraph 36 as it pertains to HWI. HWI lacks knowledge or information sufficient to form a belief about the truth of the remainder of Paragraph 36; therefore, HWI denies the same.

37. HWI denies Paragraph 37 as it pertains to HWI. HWI lacks knowledge or information sufficient to form a belief about the truth of the remainder of Paragraph 37; therefore, HWI denies the same.

38. HWI denies Paragraph 38 as it pertains to HWI. HWI lacks knowledge or information sufficient to form a belief about the truth of the remainder of Paragraph 38; therefore, HWI

denies the same.

### RESPONSE TO FIRST CAUSE OF ACTION
### AS TO ALL DEFENDANTS

39. HWI repeats and realleges the preceding paragraphs as though fully restated herein.

40. HWI lacks knowledge or information sufficient to form a belief about the truth of Paragraph 40; therefore, HWI denies the same.

41. HWI denies Paragraph 41 as it pertains to HWI. HWI lacks knowledge or information sufficient to form a belief about the truth of the remainder of Paragraph 41; therefore, HWI denies the same.

42. HWI denies Paragraph 42 as it pertains to HWI. HWI lacks knowledge or information sufficient to form a belief about the truth of the remainder of Paragraph 42; therefore, HWI denies the same.

43. HWI denies Paragraph 43 as it pertains to HWI. HWI lacks knowledge or information sufficient to form a belief about the truth of the remainder of Paragraph 43; therefore, HWI denies the same.

### RESPONSE TO SECOND CAUSE OF ACTION AS TO
### DEFENDANTS HUNTER WARFIELD, RENTGROW, INC. AND EXPERIAN

44. HWI repeats and realleges the preceding paragraphs as though fully restated herein.

45. HWI lacks knowledge or information sufficient to form a belief about the truth of Paragraph 45; therefore, HWI denies the same.

46. HWI admits that at times it acts as a data furnisher and user of information. HWI lacks knowledge or information sufficient to form a belief about the truth of the remainder of Paragraph 46; therefore, HWI denies the same.

47. HWI lacks knowledge or information sufficient to form a belief about the truth of

Paragraph 47; therefore, HWI denies the same.

48. HWI lacks knowledge or information sufficient to form a belief about the truth of Paragraph 48; therefore, HWI denies the same.

49. HWI lacks knowledge or information sufficient to form a belief about the truth of Paragraph 49; therefore, HWI denies the same.

50. HWI denies Paragraph 50.

51. HWI denies Paragraph 51.

52. HWI denies Paragraph 52.

53. HWI denies Paragraph 53 as it pertains to HWI. HWI lacks knowledge or information sufficient to form a belief about the truth of the remainder of Paragraph 53; therefore, HWI denies the same.

54. HWI denies Paragraph 54 as it pertains to HWI. HWI lacks knowledge or information sufficient to form a belief about the truth of the remainder of Paragraph 54; therefore, HWI denies the same.

55. HWI denies Paragraph 55 as it pertains to HWI. HWI lacks knowledge or information sufficient to form a belief about the truth of the remainder of Paragraph 55; therefore, HWI denies the same.

**RESPONSE TO THIRD CAUSE OF ACTION**
**AS TO HUNTER WARFIELD**

56. HWI repeats and realleges the preceding paragraphs as though fully restated herein.

57. HWI lacks knowledge or information sufficient to form a belief about the truth of Paragraph 57; therefore, HWI denies the same.

58. HWI admits that at specific times and under certain circumstances it may act as a debt collector. HWI lacks knowledge or information sufficient to form a belief about the truth of

Paragraph 58; therefore, HWI denies the same.

59.    HWI lacks knowledge or information sufficient to form a belief about the truth of Paragraph 59; therefore, HWI denies the same.

60.    HWI denies Paragraph 60 and its subparts.

61.    HWI denies Paragraph 61.

## RESPNSE TO PRAYER FOR RELIEF

HWI denies Plaintiff's Prayer for Relief and its subparts and denies that Plaintiff is entitled to any damages or relief.

## AFFIRMATIVE DEFENSES

HWI hereby sets forth the following affirmative defenses to Plaintiff's Complaint.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate damages, if any.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, are the result of a pre-existing injury.

### THIRD AFFIRMATIVE DEFENSE

Any violation, if it occurred, is a result of a bona fide error.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's damages complained of are the result of a third party over whom HWI has no control.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff has not suffered a concrete injury-in-fact.

### SIXTH AFFIRMATIVE DEFENSE

HWI did not act willfully or intentionally.

**SEVENTH AFFIRMATIVE DEFENSE**

HWI reserves the right to assert additional affirmative defenses at such time and to such extent as warranted by discovery and the factual developments in this case.

WHEREFORE, Defendant Hunter Warfield, Inc., respectfully requests that this Court dismiss with prejudice all claims against HWI, award HWI its costs and expenses incurred herein, and award HWI such other and further relief as the Court may deem just and proper.

Dated: January 11, 2021.                                  Respectfully submitted,

By: */s/ Chad. V. Echols*
Chad V. Echols (Fed ID 9810)
The Echols Firm, LLC
PO Box 12645
Rock Hill, SC 29731
Telephone: (803) 329-8970
Email: chad.echols@theecholsfirm.com

*Counsel for Hunter Warfield, Inc.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## AIKEN DIVISION

| | |
|---|---|
| Linda Bikas Smith,<br><br>  Plaintiff,<br><br>v.<br><br>Hunter Warfield, Inc., AH4R Management – SC, LLC, RentGrow, Inc., and Experian Information Solutions, Inc.<br><br>  Defendants. | Case No. 1:21-cv-00011 |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing has been sent via **CM/ECF** on this 11th day of January 2021 to all counsel of record below:

David A. Maxfield
SC Bar No. 7163
P.O. Box 11865
Columbia, SC 29211
dave@consumerlawsc.com

Curtis W. Dowling
Barns Alford Stork & Johnson, LLP
1614 Main Street (20201)
PO Box 8448
Columbia, SC 29202

Lyndey R. Z. Bryant
Adams and Reese LLP
1501 Main Street, Fifth Floor
Columbia, SC 29201
Lyndey.bryant@arlaw.com

           */s/ Chad. V. Echols*
           Chad V. Echols (Fed ID 9810)